UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20738-CR-COOKE/GOODMAN

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)

FILED BY____ D.C.
NOV 05 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

vs.

CARLOS MAHECHA,

       Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Indictment:

1.     Bal Harbour Quarzo, LLC ("Bal Harbour Quarzo") was a Florida limited liability company with its principal place of business listed as 1395 Brickell Avenue, Suite 1020, Miami, FL 33131.

2.     Synergy Capital Group, LLC ("Synergy Capital") was a Florida limited liability company with its principal place of business listed as 1395 Brickell Avenue, Suite 1020, Miami, FL 33131.

3.     Synergy Investments Group, LLC ("Synergy Investments") was a Florida limited liability company with its principal place of business listed as 1395 Brickell Avenue, Suite 1020, Miami, FL 33131.

4. Defendant **CARLOS MAHECHA** was an individual who resided in Colombia and was a managing member of Bal Harbor Quarzo, Synergy Capital, and Synergy Investments.

5. A "promissory note" was a financial instrument that contained a written promise by one party to pay another party a definite sum of money, either on demand or at a specified future date. A promissory note contained key terms pertaining to the debt and obligation, such as the principal amount, interest rate, maturity date, place of issuance, and issuer's signature.

6. On or about October 25, 2007, Bal Harbour Quarzo purchased, and thereafter operated, the following real property in Bal Harbour, Florida: (a) twenty (20) co-operative parcels (hotel units) located in a small boutique hotel at 290 Bal Bay Drive, Bal Harbour, Florida; (b) a vacant building located at 291 Bal Bay Drive, Bal Harbour, Florida, and (c) a building located at 10250 Collins Avenue, Bal Harbour, Florida that operated as an apartment complex (collectively, the "Property").

7. Bal Harbour Quarzo paid an amount equal to $22,422,000 for the Property, plus closing costs, which was financed by (i) a first mortgage loan from Mercantil Commercebank, N.A. ("Mercantil") in the amount of $15,500,000, and (ii) purchase money seller financing given by the seller of the Property in the amount of $3,000,000. The balance of the purchase price was funded by promissory notes issued by Bal Harbour Quarzo to individuals recruited by **CARLOS MAHECHA** and his co-conspirators. The initial promissory notes issued by Bal Harbour Quarzo stated that interest would be paid semi-annually at a rate of 12% to 18% per annum and that the notes would be repaid within 12 to 18 months.

### COUNT 1
### CONSPIRACY TO COMMIT WIRE FRAUD
### (18 U.S.C. § 1349)

1. The General Allegations section of this Indictment is re-alleged and fully incorporated herein by reference.

2.      From in or around July 2010, through in or around July 2017, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**CARLOS MAHECHA,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury to commit an offense against the United States, that is, to knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and transmitting and causing to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE CONSPIRACY**

3.      It was a purpose of the conspiracy for the defendant and his co-conspirators to defraud investors and to fraudulently obtain investor funds in connection with the sale of promissory notes, by: (a) soliciting and causing others to solicit millions of dollars from investors through materially false and fraudulent pretenses, representations and promises; (b) intentionally failing to utilize investor funds in the manner that the defendant, his co-conspirators and others had promised; (c) misappropriating and converting investor funds for his own benefit and the benefit of others without the knowledge and authorization of the investors; and (d) making false statements and engaging in other fraudulent activities designed to conceal the commission of the offense.

**MANNER AND MEANS OF CONSPIRACY**

The manner and means by which the defendant and his co-conspirators sought to

3

accomplish the object and purpose of the conspiracy included, among others, the following:

4. Bal Habour Quarzo initially developed the Property as a condominium conversion project. However, in 2008 that business plan became economically unviable. As a result, Bal Harbour Quarzo began developing the Property as a boutique hotel. Concurrent with the disruption of its original business model, Bal Harbor Quarzo did not adhere to the terms of its promissory notes. Specifically, the promissory notes were not repaid by their maturity dates, and the required semi-annual interest payments were made sporadically or not at all. As a result, beginning in 2010, multiple investors filed lawsuits in state courts against Bal Harbor Quarzo, primarily in the Eleventh Judicial Circuit in Florida. Several of those lawsuits resulted in judgments and/or garnishments against Bal Harbor Quarzo.

5. **CARLOS MAHECHA** and his co-conspirators continued to solicit additional investors in Bal Harbor Quarzo and issue additional promissory notes until November 2016. To induce investors to invest money with Bal Habour Quarzo, **CARLOS MAHECHA** and his co-conspirators made, and caused others to make, numerous materially false statements to investors and concealed and omitted to state, and caused others to conceal and omit to state, material facts to investors, including, among others, the following:

### Materially False Statements

a. that the interest rate on the unpaid principal balance of the promissory note would be no less than 7% per annum; and

b. that interest would be paid semi-annually.

### Concealment and Omission of Material Facts

c. that new investor money was used to pay prior investors;

d. that multiple prior investors had filed lawsuits against Bal Harbour Quarzo;

4

e. that multiple prior investors had obtained judgments and/or garnishments against Bal Harbour Quarzo;

f. that Bal Harbour Quarzo was not consistently making payments on the Mercantil mortgage used to fund the purchase of the Property; and

g. that **CARLOS MAHECHA** and his co-conspirators used investor money for their personal use and the use of others.

6. **CARLOS MAHECHA's** misrepresentations, omissions, and actions caused investors to wire money through interstate and foreign commerce into the Bal Harbour Quarzo bank account at Mercantil in the Southern District of Florida.

7. On or about July 12, 2017, Bal Harbour Quarzo sold the Property for approximately $18 million. At the time of this sale, not all of the Bal Harbour Quarzo investors had been repaid. The outstanding principal amount owed to the Bal Harbour Quarzo investors is approximately $39 million.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-10
## WIRE FRAUD
## (18 U.S.C. § 1343)

1. The General Allegations section of this Indictment is re-alleged and incorporated fully herein by reference.

2. From in or around November 2014, through in or around February 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**CARLOS MAHECHA,**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and did

5

knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Sections 1343 and 2.

## PURPOSE OF THE SCHEME AND ARTIFICE

It was a purpose of the scheme and artifice for the defendant and his accomplices to defraud investors and to fraudulently obtain investor funds in connection with the sale of promissory notes, by: (a) soliciting and causing others to solicit millions of dollars from investors through materially false and fraudulent pretenses, representations and promises; (b) intentionally failing to utilize investor funds in the manner that the defendant, his accomplices and others had promised; (c) misappropriating and converting investor funds for his own benefit and the benefit of others without the knowledge and authorization of the investors; and (d) making false statements and engaging in other fraudulent activities designed to conceal the commission of the offense.

## THE SCHEME AND ARTIFICE

The Manner and Means section of Count 1 of the Indictment is re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF THE WIRES

3. On or about the dates specified as to each count below, the defendant, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, as more particularly described below:

| | | |
|---|---|---|
| 2 | 11/07/2014 | Investor B.S. wired $280,000 from Morgan Stanley Smith Barney LLC through the Federal Reserve Bank of New York's Fedwire Funds Service to Bal Harbor Quarzo's account at Mercantil, in the Southern District of Florida |
| 3 | 11/12/14 | Investor R.G. wired $310,000 from Morgan Stanley Smith Barney LLC through the Federal Reserve Bank of New York's Fedwire Funds Service to Bal Harbor Quarzo's account at Mercantil, in the Southern District of Florida |
| 4 | 03/11/15 | Investor B.C. wired $49,900 from Wells Fargo Bank through the Federal Reserve Bank of New York's Fedwire Funds Service to Bal Harbor Quarzo's account at Mercantil, in the Southern District of Florida |
| 5 | 03/11/15 | Investor B.C. wired $13,900 from Wells Fargo Bank through the Federal Reserve Bank of New York's Fedwire Funds Service to Bal Harbor Quarzo's account at Mercantil, in the Southern District of Florida |
| 6 | 05/11/15 | Investor A.A.S. wired $70,000 from Citibank NA through the Federal Reserve Bank of New York's Fedwire Funds Service to Bal Harbor Quarzo's account at Mercantil, in the Southern District of Florida |
| 7 | 05/29/15 | Investor A.J.S wired $105,000 from UBS Switzerland through the Federal Reserve Bank of New York's Fedwire Funds Service to Bal Harbor Quarzo's account at Mercantil, in the Southern District of Florida |
| 8 | 05/29/15 | Investor P.B. wired $50,000 from JP Morgan Chase Bank through the Federal Reserve Bank of New York's Fedwire Funds Service to Bal Harbor Quarzo's account at Mercantil, in the Southern District of Florida |
| 9 | 11/10/15 | Investor J.L. wired $70,000 from Citibank NA through the Federal Reserve Bank of New York's Fedwire Funds Service to Bal Harbor Quarzo's account at Mercantil, in the Southern District of Florida |
| 10 | 02/04/16 | Investor A.J.S. wired $31,667 from UBS Switzerland through the Federal Reserve Bank of New York's Fedwire Funds Service to Bal Harbor Quarzo's account at Mercantil, in the Southern District of Florida |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE
## (18 U.S.C. § 982(a)(1)(C))

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **CARLOS MAHECHA**, has an interest.

2. Upon conviction of a violation of, or a conspiracy to violate, Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth at Title 21, United States Code, Section 853, made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
SEAN PAUL CRONIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

Carlos Mahecha,

_____Defendant._____/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)
✓  Miami          ___ Key West
___ FTL           ___ WPB          ___ FTP

New defendant(s)             Yes ___   No ___
Number of new defendants    ___
Total number of counts      ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)   Yes
   List language and/or dialect   Spanish

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)

   I    0 to 5 days         ✓              Petty       ___
   II   6 to 10 days        ___            Minor       ___
   III  11 to 20 days       ___            Misdem.     ___
   IV   21 to 60 days       ___            Felony      ✓
   V    61 days and over    ___

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

                                                    _____
                                                    SEAN PAUL CRONIN
                                                    ASSISTANT UNITED STATES ATTORNEY
                                                    Court No. A5500940

*Penalty Sheet(s) attached                                                 REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Carlos Mahecha

**Case No**: _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

* **Max.Penalty**:         20 years' imprisonment

Counts #: 2-10

Wire Fraud

Title 18, United States Code, Section 1343

* **Max.Penalty**:         20 years' imprisonment as to each count

Counts #:

_____

_____

* **Max.Penalty**:

*Refers only to possible term of incarceration, overlap does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.